The Judges,
after deliberating on the proper construction to be given to this law, differed in opinion upon it?
*527 Waties and Bay
held, that, as this act of 1803 was a remedial law, and in furtherance of justice, it should have a liberal construction. That the spirit and meaning of an act was the principal thing to be regarded, and wherever that can be discovered, it should be the governing principle in carrying the act into execution. That in the present case, the proof of the loss of the original grant was the thing tQ be regarded, before the office copy could be given in evidence. And whether that proof was made by the plaintiff himself in the action, or by another on his behalf, it equally answered the end and design of the act, by-establishing the loss of the original. The main fact the law had in contemplation as a prerequisite to the admission of the copy, was proof of the loss of the grant. They therefore thought the affidavit should have been received to prove this loss; consequently, that as the nonsuit was ordered for want of such proof, it should be set aside, and the cause restored to the docket.
Brevard and Lee,
thought they were bound by the terms of the act, that “ the oath should he made of the loss ef the original by the plaintiff in the action.” That it might have a dangerous tendency, to open a door for construction, where the words of the law were sufficiently plain without it. In doubtful and obscure statutes, they admitted the principle, that the spirit and meaning should be the governing rule of construction; not so, where the words of the act were- plain and explicit, as in the act under consideration. They therefore were of opinion, that the presiding Judge was regular in rejecting the affidavit offered, and that the nonsuit should stand confirmed.
As the presiding Judge (Grimke) was precluded bylaw from giving any opinion on any point which he had previously decided, the other Judges were equally *528 divided, consequently the plaintiff took nothing by his motion.
The nonsuit, therefore, stood confirmed.